## Robert Kelso v. Oak Park Building and Loan Association et al.

1. BUILDING AND LOAN ASSOCIATIONS—*Powers Under the Statute as to Mortgage Loans.*—Building and loan associations, like other mortgage creditors, have power to purchase property sold under decrees entered upon mortgages given to them, and necessarily, power to sell and convey such property.

2. SAME—*Power to Settle and Adjust Loans with Debtors.*—Like other creditors, building and loan associations have power to extend the time of payment of mortgage debtors and to settle and adjust with parties indebted to them, when such things are done with a view to the benefit and valid exercise of their powers, and not in any manner for the purpose of evading the restrictions placed upon them by the statute.

3. SAME—*Effect of a Void Settlement.*—When a mortgage given to a building and loan association in consideration of the satisfaction of a decree of foreclosure of a prior mortgage, is void and of no effect, the satisfaction of the decree is also void.

**Bill of Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed December 24, 1901.

SAMUEL J. LUMBARD, attorney for appellant.

PEARSON & STOOKEY and FARLIN Q. BALL, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

September 15, 1891, Salo W. Roth and his wife, Sarah P. Roth, being members of the appellees' association, were granted by it a loan of $20,000, and to secure its payment

executed their bond and a mortgage on certain premises in the city of Chicago.

The Roths failed to pay various sums as was agreed by them in their bond and mortgage. Thereupon appellee filed a bill in the Circuit Court for the foreclosure of said mortgage and thereafter obtained a decree of foreclosure directing sale of the premises described in the mortgage deed. Some time subsequent to the decree a new agreement was made between the appellee and the Roths, who had ceased to be members of the association. This agreement was by way of settlement and was in effect a giving of time to the Roths for payment of the amount of the decree, which was then over $20,000. Under this agreement the indebtedness of the Roths was put into the form of a new mortgage to run for a period of five years, with interest of six per cent per annum, payable semi-annually. This mortgage was upon the same premises as the preceding mortgage. The amount then due under the decree herebefore mentioned was a little over $21,000, and this was represented by three notes executed by Mr. and Mrs. Roth, one for $16,000, one for $4,125.47 and one for $1,007. After the recording of this second mortgage, appellant purchased from the Roths a portion of the premises covered by each of the said mortgages. Appellant not only had constructive but actual notice of appellees' second mortgage, and in conjunction with the Roths made several payments of interest to appellee upon this second mortgage. Default having been made in the payment of the interest provided for by the notes and trust deed last executed by the Roths, the entire amount thereof, pursuant to an option in the trust deed, was declared due and payable and the suit for foreclosure began, from the decree in which the appeal in this case is prosecuted.

Appellant says that the only question which he desires to urge is whether or not it was legal and competent for appellees to accept the notes and trust deed in controversy in satisfaction of the decree of foreclosure which it had obtained against the premises in that trust deed.

Appellant insists that not only was the second loan made

to persons who were among its members, but that the terms of the loan were not such as a building association is, under the laws of this State, authorized to make; that a building association has no power to make loans except in accordance with the statute, and only to its members; and can not make a loan, such as was the second, now under consideration, running for a period of five years, with interest at six per cent, payable semi-annually and without a contemporaneous agreement by which the borrower, as a member of the association, holds stock and continues to make monthly payments thereon, thus increasing all the while the security which the association holds and putting in its keeping a fund for the satisfaction of the indebtedness; that the transaction as regards the mortgage now under consideration, being outside the powers of appellees, such second mortgage was and is void and of no effect; and that neither the Roths nor appellant are or is bound thereby; that the doctrine of estoppel, because of the receipt of a consideration, does not apply, for the reason that the transaction being entirely unauthorized by the statute was beyond the power of the association, a *nudum pactum* under and by virtue of which the association could not and did not acquire any title, lien or claim upon the property described and purporting to be conveyed by the second mortgage.

The transaction which appellant urges is void, did not consist merely of the execution of three notes and a mortgage. A part of what was done was a release and satisfaction by the association of the decree it had obtained under the first mortgage for over $20,000.

If the mortgage given in consideration of the satisfaction of such decree is entirely void and of no effect, then the satisfaction of the decree falls with it, for it was only because of the execution of the second mortgage and the belief then entertained by all parties that it was a valid and binding instrument, that the first decree was satisfied.

Building associations, like other mortgage creditors, have power to purchase property sold under decrees entered upon mortgages given to it, and necessarily power to sell and

convey such property. So, too, building associations, like other creditors, have power to extend the time of payment of mortgage debtors and to settle and adjust with those indebted to it, doing these things in all instances with a view to an honest and valid exercise of its powers and not in any way or manner for the purpose of evading restrictions placed upon it by the statute. In the present instance, it does not appear that the officers of the building association had, in what they did, any purpose other than to act within the powers plainly conferred upon the association by the statute. There is nothing to show that what they did was an attempt to loan money to one not a member, or to loan money under conditions not permitted by the law of its creation. Honestly, in good faith and as a valid exercise of power, an extension of payment of an indebtedness to it was made and security taken therefor upon the property covered by the decree—so far as appears at present, what was not only thought to be, but actually was for the interest of the association. No question of estoppel of a corporation arises in this case. The association is not endeavoring to repudiate any contract by it made; it is appellant who is insisting that, having with full knowledge purchased the property subject to a mortgage of over $20,000, and paid interest thereon, he is now entitled to hold, free and clear of such incumbrance, the property he obtained, but for the existence of which lien he would not have obtained upon the terms he did.

The decree of the Circuit Court is affirmed.